IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ALPHONSO WARD                                                                                    PETITIONER

V.                                                                                  NO. 4:21-CV-45-DMB-DAS

SUPERINTENDENT ANDREW
MILLS                                                                                            RESPONDENT

**OPINION AND ORDER**

Alphonso Ward filed a petition for a writ of habeas corpus challenging his state court convictions for burglary of a church and burglary of an automobile. Because the claims raised in Ward's petition are either procedurally barred or without merit, his petition will be denied.

**I**
**Background and Procedural History**

On June 15, 2018, a jury in the Circuit Court of Bolivar County, Mississippi, found Alphonso Ward guilty of the crimes of burglary of a church and burglary of an automobile. *See* Doc. #12-1 at PageID 119–120. Approximately six weeks later, the circuit court entered an "Amended Judgment and Sentence" in which it sentenced Ward to fourteen years imprisonment on the burglary of a church conviction and for seven years imprisonment on the burglary of an automobile conviction, with the sentences to run concurrently. *Id.* at PageID 155–56. The circuit court further sentenced Ward as a habitual offender under Mississippi Code § 99-19-81.[1] *Id.* at PageID 156.

Ward, through counsel, appealed his convictions to the Mississippi Court of Appeals, arguing the trial court erred in granting Jury Instruction Number Seven, which Ward believed

---

[1] The original judgment did not include the habitual offender provision. Doc. #12-1 at PageID 152.

improperly shifted the burden of proof from the State to him. Doc. #12-6. Ward also filed a pro se supplemental brief in the appeal. Doc. #12-7. His pro se brief raised two additional arguments: (1) he was actually innocent of the crimes because the State failed to prove each essential element of the crimes beyond a reasonable doubt, and (2) the trial judge improperly sentenced him as a habitual offender because that was an aggravating circumstance required to be submitted to the jury and proved beyond a reasonable doubt. *Id.* at PageID 570. On March 10, 2020, the Mississippi Court of Appeals affirmed Ward's convictions and sentences. *See Ward v. State*, 297 So. 3d 286 (Miss. Ct. App. 2020).

On March 27, 2020, Ward, acting pro se, moved for rehearing of the Mississippi Court of Appeals' affirmance, arguing again the trial court erred in giving Jury Instruction No. 7 and also generally arguing the State failed to prove its case. Doc. #12-4 at PageID 404–10. The Mississippi Court of Appeals denied rehearing on June 16, 2020. *Id.* at PageID 402. Ward did not seek certiorari review in the Mississippi Supreme Court,[2] and the mandate of the Mississippi Court of Appeals issued on July 7, 2020. *Id.* at PageID 395.

On February 8, 2021, Ward filed in the Mississippi Supreme Court a pro se "Application for Leave to Proceed in the Trial Court" and a pro se "Motion for Post-Conviction Collateral Relief." Doc. #12-11 at PageID 660–65. In the latter, Ward asserted two claims: (1) he had been denied his right to self-representation, and (2) the trial court erred in granting Jury Instruction No. 7. *Id.* at 662. The Mississippi Supreme Court denied Ward's application on March 8, 2021, finding:

> In his application, Ward contends he is entitled to post-conviction collateral relief based upon: (1) the alleged denial of his right to self-representation, and (2) the circuit court's decision to grant a certain jury instruction. After due consideration, the panel finds that (1) is waived, fails to meet any exceptions thereto, and lacks an

---

[2] *See* Doc. #1 at PageID 3 (indicating Ward did not "seek further review by a higher state court").

arguable basis. As to (2), the panel finds the claim is barred by res judicata and fails to meet any exceptions thereto. Accordingly, the panel finds this application should be denied.

*Id.* at PageID 658.

On April 8, 2021, Ward filed a pro se petition for a writ of habeas corpus in the United States District Court for the Northern District of Mississippi. Doc. #1. His petition asserts two grounds for relief: (1) he was denied his right to self-representation, and (2) the trial court erred in granting Jury Instruction No. 7. *Id.* at PageID 5, 7. At the Court's direction,[3] the State answered the petition on June 10, 2021. Doc. #11.

## II
## Analysis

The State argues Ward's habeas petition should be denied because both grounds asserted are procedurally barred from federal habeas review. As to Ground Two, the State alternatively argues the claim is otherwise without merit.

### A. Procedural Bar

"A federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule." *Guidry v. Lumpkin*, 2 F.4th 472, 486 (5th Cir. 2021) (alterations omitted). To be valid, a procedural bar must be "adequate," that is, "strictly or regularly followed by the cognizant state court" and "independent of federal law." *Fratta v. Davis*, 889 F.3d 225, 228 (5th Cir. 2018). However, a petitioner can overcome the procedural bar if he is able to "show cause for the default and actual prejudice, or that a miscarriage of justice will occur if the federal court does not consider the claim." *Gonzales v. Davis*, 924 F.3d 236, 242 (5th Cir. 2019). "Cause for a

---

[3] Doc. #4.

procedural default exists where something *external* to the petitioner, something that cannot fairly be attributed to him, impeded his efforts to comply with the State's procedural rule." *Maples v. Thomas*, 565 U.S. 266, 280 (2012) (cleaned up). To establish prejudice, the petitioner must demonstrate that "but for the error, he might not have been convicted." *Pickney v. Cain*, 337 F.3d 542, 545 (5th Cir. 2003). "And a miscarriage of justice in this context means that the petitioner is actually innocent of the crime of which he was convicted." *Gonzales*, 924 F.3d at 242.

### 1. Ground one: self-representation

Ward challenged the denial of his right to self-representation in his petition for post-conviction collateral relief. Doc. #12-11 at PageID 661–65. In its order denying Ward's motion for leave, the Mississippi Supreme Court found the claim had been "waived, fail[ed] to meet any exceptions thereto, and lack[ed] an arguable basis." *Id.* at PageID 658; *see* Miss. Code Ann. § 99-39-21(1).[4]

The Fifth Circuit has held § 99-39-21(1) concerning waiver to be an independent state procedural bar. *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997). Because Ward has not demonstrated "that the state did not strictly or regularly follow the procedural bar around the time of his appeal" or "that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by [him]," he has defaulted this claim pursuant to an independent and adequate state law rule. *Id.* Consequently, this Court may review the merits of this claim only if Ward can show cause and actual prejudice, or that a fundamental miscarriage of justice would

---

[4] Section 99-39-21(1) of the Mississippi Code states:

> Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.

result from the Court's failure to consider the claim. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Ward has not identified any external action which prevented him from presenting on direct appeal his claim that his right to self-representation was violated. *See id.* at 753. Nor has he demonstrated any actual prejudice as a result of the imposition of this bar. Moreover, Ward has not presented any "new, reliable evidence" that would show, "more likely than not[,] that no reasonable juror would have convicted him in light of the new evidence." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999). Accordingly, Ward's Ground One claim is procedurally barred from federal habeas review.

### 2. Ground two: jury instruction

On direct appeal, Ward, through counsel, argued the trial court erred in granting Jury Instruction No. 7. Doc. #12-6 at 1. In its decision affirming Ward's convictions and sentences, the court of appeals held:

> This Court reviews a trial court's decision to give or refuse jury instructions for an abuse of discretion. The instructions are to be read together as a whole, with no one instruction to be read alone or taken out of context. There is no reversible error if the jury instructions, when read together, fairly announce the law of the case and create no injustice.
>
> Ward asserts that the circuit court committed plain error when it gave Jury Instruction No. 7 because it shifted the burden of proof to him. Because Ward proposed the instruction, he did not object to the jury instruction at trial. To preserve a jury instruction issue on appeal, the defendant must make a specific objection to the proposed instruction to allow the circuit court to consider the issue. It is axiomatic that a defendant cannot complain on appeal alleged errors invited or induced by himself. Further, a defendant cannot complain of an instruction which he, not the State, requested. Therefore, the issue is without merit.

*Ward*, 297 So. 3d at 289 (cleaned up). Ward again raised the claim in his motion for post-conviction relief, which the Mississippi Supreme Court denied as barred by res judicata based on the Mississippi Court of Appeals' conclusion. Doc. #11-3.

5

The State argues Ward's claim is procedurally barred from federal habeas review because he failed to present the issue to the trial court in the form of a contemporaneous objection. Doc. #11 at 14. However, because the Court ultimately concludes below that Ground Two fails on the merits, it need not determine whether the claim is procedurally barred. *See United States v. Martinez*, 273 F.3d 1108, 1108 n.1 (5th Cir. 2001) ("Because we conclude that Martinez's denial of counsel claim fails on the merits, we do not reach the arguments with respect to … procedural bar.").

### B. Merits of Ground Two

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal court cannot "grant a habeas application [of a state prisoner] unless the applicant can show legal error under § 2254(d)(1) or factual error under § 2254(d)(2)." *Lewis v. Thaler*, 701 F.3d 783, 791 (5th Cir. 2012). "To establish factual error …, the applicant must show that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* (internal quotation marks omitted). To establish legal error, "the applicant must show that the state court adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Id.* (internal quotation marks omitted).

The phrase "clearly established Federal law" "refers to the holdings, as opposed to the dicta, of [Supreme] Court[] decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Necessarily, "circuit precedent does not constitute clearly established Federal law, as determined by the Supreme Court." *Kernan v. Cuero*, 138 S. Ct. 4, 9 (2017) (internal quotation marks omitted).

6

A decision is contrary to clearly established federal law if (1) "the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law;" or (2) "the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to that Supreme Court decision." *Sprouse v. Stephens*, 748 F.3d 609, 616 (5th Cir. 2014) (internal alterations omitted). The decision involves an unreasonable application of Supreme Court precedent if (1) "the state court unreasonably applies the correct governing legal rule to the facts of the particular case;" (2) "the state court unreasonably extends a legal principal from [Supreme Court] precedent to a new context where it should not apply;" or (3) "the state court unreasonably refuses to extend that principle to a new context where it should apply." *Id.* (cleaned up).

In Ground Two, Ward contends the trial court erred in giving Jury Instruction No. 7, which he argues improperly shifted the burden of proof from the State to him. Doc. #1 at PageID 7. Specifically, Ward asserts the instruction required the jury to find him guilty of the crimes unless he was able to explain his possession of the stolen property.[5] Doc. #1-4 at 3. The State argues Ward is not entitled to relief on this ground because he "cannot meet his burden to show that the instruction was erroneous or that if so, even the erroneous instruction, considered in light of all instructions given, resulted in the denial of due process." Doc. #11 at 21–22.

Habeas relief is generally unwarranted due to erroneous jury instructions unless the error resulted in "prejudice of constitutional magnitude." *Sullivan v. Blackburn*, 804 F.2d 885, 887 (5th Cir. 1986). "[N]ot every ambiguity, inconsistency, or deficiency in a jury instruction rises to the level of a due process violation. The question is whether the ailing instruction so infected the entire trial that the resulting conviction violates due process." *Middleton v. McNeil*, 541 U.S. 433, 437

---

[5] Ward relies on the same brief his appellant counsel submitted to the Mississippi Court of Appeals. Doc. #1-4.

(2004) (cleaned up). The challenged instruction "may not be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record." *Waddington v. Sarausad*, 555 U.S. 179, 191 (2009) (internal quotation marks omitted).

Ward, through counsel, submitted Instruction D-4, which was ultimately given to the jury as Jury Instruction No. 7. Doc. #12-1 at PageID 128. The instruction stated:

> The Court instructs the jury that the presumption of guilt based upon recent possession of stolen goods will not be allowed to stand when the explanation of the accused, Alphonso Ward, concerning his possession is satisfactory or raises a reasonable doubt of his guilt. It is for you the jury to determine if the explanation offered by the accused, Alphonso Ward, is reasonable and credible.

*Id.* The trial court additionally instructed the jury, through Instruction Number Eight, that "the possession of property recently stolen is a circumstance which may be considered … and from which, in the absence of a reasonable explanation, the jury may infer guilt of burglary" and that any inference of guilt arising from possession must be predicated on the State's showing that Ward had "personal, recent, unexplained, and exclusive" possession of the stolen property. *Id.* at PageID 129.

Instruction Number Nine contained the distinct elements of the relevant crimes and advised the jury that it could return a guilty verdict only if the State had proven all elements beyond a reasonable doubt. *Id.* at 130–31. The trial court explicitly instructed the jury that, should the State fail to prove "any one or more of the … elements beyond a reasonable doubt and to the exclusion of every reasonable hypothesis consistent with innocence," then they should return a verdict of not guilty. *Id.* at 131. Through Instruction Number Six, the trial court further advised the jury that, when presented with facts or circumstances susceptible to two interpretations, they must "resolve such doubt in favor of Alphonso Ward" and choose "the interpretation most favorable to [him]." *Id.* at 127.

On direct appeal, the Mississippi Court of Appeals cited authority holding that "[t]here is no reversible error if the jury instructions, when read together, fairly announce the law of the case and create no injustice;" a defendant must object to a jury instruction to preserve the issue for appeal; and "a defendant cannot complain of an instruction which he, not the State, requested." *Ward*, 297 So. 3d at 289–90. It then summarily concluded Ward's challenge to the jury instruction was without merit. *Id.* at 290.

When viewed in conjunction with the other instructions and in light of the trial record, the Court finds Jury Instruction No. 7 fairly stated the applicable state law—Mississippi Code § 97-17-33—and did not improperly shift the burden from the State to Ward.[6] Rather, the Court finds the instructions, taken as a whole, clearly conveyed to the jury that it was the State's burden to prove beyond a reasonable doubt that Ward committed the crimes of which he was accused. Moreover, the United States Supreme Court has held that instructions allowing such inferences do not actually "shift" the burden from the State to the accused because they "still require[] the State to convince the jury that the suggested conclusion should be inferred based on the predicate facts proved." *Francis v. Franklin*, 471 U.S. 307, 314 (1985). Further, Ward has not shown the instruction "so infected the entire trial" such that his conviction violates due process,[7] nor does the record so reflect.

In sum, the Court finds Ward's assignment of error in Ground Two is without merit. Consequently, Ward is not entitled to federal habeas relief on this ground.

---

[6] Ward himself, through counsel, requested the very instruction he now asserts was given in error. *See* Doc. #12-3 at PageID 362. It makes little sense to find habeas relief warranted due to an alleged error based on the petitioner being granted his request. The Court has found no authority explicitly addressing this issue, likely because petitioners rarely complain when the trial court grants their requests. But the Court believes that if such argument were presented to a federal court of appeals, it would be swiftly rejected under reasoning similar to that of waiver or estoppel.

[7] *See Middleton v. McNeil*, 541 U.S. 433, 437 (2004).

### III
### Certificate of Appealability

Rule 11 of the Rules Governing § 2254 Proceedings in the United States District Courts requires a court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability ("COA") will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a COA on a claim rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Id.* Based on the *Slack* criteria, the Court finds that a COA should not issue in this case.

### IV
### Conclusion

Ward's petition [1] is **DENIED with prejudice**. A certificate of appealability is **DENIED**. A final judgment will issue separately.

**SO ORDERED**, this 2nd day of June, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

10